**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| VICTOR HUGO BAEZ VASQUEZ, ELIAS HERNANDEZ DORANTES, LEONARDO ROMAN LAZO ORDIANO, MARIO JOSE MEZA, SILVERIO MORENO DIAZ, TOMAS RAMOS ROBLES,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-02409-RFB-MDC<br><br>**ORDER GRANTING WRITS OF HABEAS CORPUS** |

Before the Court is a Joint Petition for Writs of Habeas Corpus by Victor Hugo Baez Vasquez, Elias Hernandez Dorantes, Leonardo Roman Lazo Ordiano, Mario Jose Meza, Silverio Moreno Diaz, and Tomas Ramos Robles (ECF No. 1). Petitioners challenge the lawfulness of their ongoing detention in the custody of Immigration and Customs Enforcement ("ICE"). Since the Joint Petition was filed, it appears three petitioners have been released: Mr. Lazo Ordiano, Mr. Jose Meza, and Mr. Ramos Robles. The Court orders status reports for these petitioners below. The Court's Order on the remaining petitioners' Joint Petition follows.

Petitioners Baez Vasquez, Hernandez Dorantes, and Moreno Diaz argue their ongoing detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act ("INA"); and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioners writs of habeas corpus, and orders Respondents to immediately release them from ICE custody.

## I. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

a. *Petitioner Baez Vasquez*

First, the Court finds Petitioner Baez Vasquez is a member of the Jacobo-Ramirez Class—a fact undisputed by all Parties. See Joint Pet., ECF No. 1 at 3 (August 5, 2026) [hereinafter, "Joint Pet."]; Fed. Respt's' Notice Regarding Class Membership, ECF No. 8 at 1 (August 12, 2026) [hereinafter, "Opp'n"]. Petitioner Baez Vasquez has set forth sufficient facts indicating Class membership.[1] See Joint Pet. at 7–8. Federal Respondents, when ordered to certify the true cause of Petitioner's detention in their Return, have asserted no detention authority at all. See Order to Show Cause, ECF No. 5 at 3 (August 7, 2026) [hereinafter, "OSC"]; see generally Opp'n.

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Mr. Baez Vasquez at the outset of his detention. Petitioner was taken into ICE custody on April 10, 2026—over four months ago. See Joint Pet. at 7. This Court instructed Federal Respondents to produce specific records as to Petitioner, including a Form I-286, or alternatively, "certify that, after a diligent search, . . . the record(s) are not in their possession, custody, or control." OSC at 2. The government has failed to produce a Form I-286 as to Mr. Baez Vasquez and certified that Petitioner was, in fact, not provided an initial custody determination at the outset of his detention. See Fed. Resp'ts' Answers to Interrogs., Exhibit G, ECF No. 8-1 at 121.

b. *Petitioner Hernandez Dorantes*

Next, the Court finds Petitioner Hernandez Dorantes is a member of the Jacobo-Ramirez Class—a fact undisputed by all Parties. See Joint Pet. at 3; Opp'n at 1. Petitioner Hernandez

---

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 2026 WL 879799, at *4.

Dorantes has set forth sufficient facts indicating Class membership. See Joint Pet. at 8. Federal Respondents, when ordered to certify the true cause of Petitioner's detention in their Return, have asserted no detention authority at all. See OSC at 3; see generally Opp'n.

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Mr. Hernandez Dorantes at the outset of his current detention[2] or provide Mr. Hernandez Dorantes with a constitutionally adequate bond hearing to-date. Petitioner was taken into ICE custody on May 23, 2026—almost three months ago. See Joint Pet. at 8. This Court instructed Federal Respondents to produce specific records as to Petitioner, including a Form I-286, or alternatively, "certify that, after a diligent search, . . . the record(s) are not in their possession, custody, or control." OSC at 2. The government has failed to produce a properly-executed Form I-286 as to Mr. Hernandez Dorantes. See generally Opp'n.

c. *Petitioner Moreno Diaz*

The Court finds that Petitioner Moreno Diaz is also a member of the Jacobo-Ramirez Class. Petitioner Moreno Diaz has set forth sufficient facts indicating Class membership. See Joint Pet. at 9–10. Meanwhile, Federal Respondents, when ordered to certify the true cause of Petitioner's detention in their Return, have asserted no detention authority at all. See OSC at 3; see Opp'n at 2. Rather than citing any statutory provision or authority as this Court ordered, see OSC at 3 (requiring Respondents to file a response "identify[ing] the statutory provision(s) which authorize Petitioners' detention" and "explain why [those provisions] apply"), Federal Respondents merely state without further explanation that Petitioner is not a Class Member because he was arrested for various felony charges that remain pending. See Opp'n at 2. Not only do Federal Respondents fail to specify which criteria of class membership they are contesting[3], but, as Petitioner points out, the fact of arrest alone does not automatically justify detention of noncitizens under the INA. See

[2] Federal Respondents assert that Mr. Hernandez Dorantes was provided a Form I-286 on August 11, 2026. See Fed. Resp'ts' Answers to Interrogs., Exhibit H, ECF No. 8-1 at 125. Notably, no such document is attached to Federal Respondents' Notice Regarding Class Membership. See generally Opp'n. Not only that, but Federal Respondents' subsequent certification states that "[a]fter a diligent search of the relevant files and databases, corresponding to Petitioner, Elias Hernandez Dorantes, a Form I-286 is not in the possession, custody, or control of the Department of Homeland Security." Fed. Resp'ts' Answers to Interrogs., Exhibit H, ECF No. 8-1 at 125. Even so, a Form I-286 dated August 11, 2026, would have been signed well after Petitioner was detained on May 23, 2026, and thus be procedurally improper. Accordingly, the Court finds that a Form I-286 was not provided to Mr. Hernandez Dorantes at the outset of his detention.

[3] See *supra*, 2 n.1 (citing the class membership criteria in Jacobo-Ramirez, 2026 WL 879799, at *4).

Pet'rs' Joint Traverse, ECF No. 9 at 3–5 (August 17, 2026) [hereinafter, "Joint Traverse"]. Thus, the Court declines to credit Federal Respondents' conclusory assertion, without any legal support, that Petitioner's arrest disqualifies him from membership in the Jacobo Ramirez Class.

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Mr. Moreno Diaz at the outset of his detention. Petitioner was taken into ICE custody on May 30, 2026—almost three months ago. See Joint Pet. at 9. This Court instructed Federal Respondents to produce specific records as to Petitioner, including a Form I-286, or alternatively, "certify that, after a diligent search, . . . the record(s) are not in their possession, custody, or control." OSC at 2. The government has failed to produce a Form I-286 as to Mr. Moreno Diaz and certified that Petitioner was, in fact, not provided an initial custody determination at the outset of his detention. See Fed. Resp'ts' Answers to Interrogs., Exhibit K, ECF No. 8-1 at 137.

## II. CONCLUSIONS OF LAW

As members of the Jacobo-Ramirez Class, Petitioners are entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Moreover, Federal Respondents (and this Court) are obligated to abide the Ninth Circuit's binding judgment in Rodriguez Vazquez v. Bostock, which explicitly rejected the government's interpretation of § 1225(b)(2)(A) and held that noncitizens like Petitioners fall within the detention regime set out in § 1226, not § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, --- F.4th ---, 2026 WL 2196424, and *3 (9th Cir. July 30, 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Because Federal Respondents' only basis for detaining Petitioners is § 1225(b)(2)(A), see generally Opp'n, their arrests and ongoing detentions are unlawful under the

INA, this Court's declaratory judgment/vacatur, and the law of this circuit.[4]

For reasons articulated in Rios-Rodriguez v. Blanche et al., No. 2:26-CV-02117-RFB-MDC, 2026 WL 2280924 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein, the Court finds that Petitioners must be released from government custody. The government's failure to perform initial custody determinations as to Petitioners at the *outset* of their detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33; Rios-Rodriguez, 2026 WL 2280924 at *2–3.

The Court further finds Petitioners are entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Rios-Rodriguez, which the Court incorporates by reference as if fully set forth herein. Specifically, the Court finds Petitioners' detentions without properly-executed Form I-286's (Notices of Initial Custody Determination)—and in Mr. Hernandez Dorantes' case, a constitutionally adequate bond hearing—violate Petitioners' rights to procedural and substantive due process. See Rios-Rodriguez, 2026 WL 2280924 at *3–9.[5]

Therefore, the Court finds Petitioners' detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here.[6] See Munaf v. Geren, 553 U.S. 674, 693

[4] Primarily, throughout their entire return, Federal Respondents do not state any statutory authority for detention. See generally Opp'n. For Petitioners Baez Vasquez and Hernandez Dorantes, Federal Respondents' concession of class membership is a concession that those petitioners are not "subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231." Jacobo-Ramirez, 2026 WL 879799, at *4. And, in arresting Petitioners Baez Vasquez and Moreno Diaz, Federal Respondents affirmed that they acted pursuant to "ICE Interim Guidance regarding Detention Authority for Applicants for Admission issued by Former Acting Director Todd M. Lyons, dated July 8, 2025." Fed. Resp'ts' Answers to Interrogs., Exhibit G, ECF No. 8-1 at 121; Exhibit K, ECF No. 8-1 at 137. That guidance—which was vacated by this Court in Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026)—set forth the government's unlawful mandatory detention policy, which solely invoked detention authority under 8 U.S.C. § 1225(b)(2)(A). The Court refuses to divine what statutory bases Federal Respondents have, if any, to detain Petitioners beyond what Federal Respondents have stated in their filings. Cf. Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles[.]")). Thus, the Court finds that Federal Respondents intended to detain petitioners under 8 U.S.C. § 1225(b)(2)(A).

[5] Because the Court finds that Petitioners' detentions without a Form I-286 violate due process, it does not reach Petitioners' arguments about their Form I-200's (Warrants for Arrest). See Joint Traverse at 7–8.

[6] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as

(2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioners under § 1226(a), Federal Respondents must provide them with *pre-deprivation* bond hearings wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioners' rights to date.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioners Baez Vasquez, Hernandez Dorantes, and Moreno Diaz's Joint Petition for Writs of Habeas Corpus (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioners from detention on their personal recognizance on **August 25, 2026**, between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioners (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

---

required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). For example, to the extent that Petitioners Baez Vasquez and Moreno Diaz participated in a "bond hearing," it is unclear what standards or procedures would apply to such a hearing, considering Federal Respondents' continued reliance on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). See Rios-Rodriguez, 2026 WL 2280924 at *3 n.3; *8 n. 7; *10 n. 9 (discussing how, under Federal Respondents' policies, post-deprivation "bond hearings" are legally untethered and insufficient to cure statutory and due process violations). In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Rios-Rodriguez, 2026 WL 2280924 at *9–13.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioners' liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioners' personal property, including any personal identification and employment authorization documents, **UPON THEIR RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioners pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioners during the pendency of their current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioners under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **August 27, 2026** confirming Respondents' compliance with this Order, including: (i) whether Petitioners Leonardo Lazo Ordiano, Mario Jose Meza, and Tomas Ramos Robles have been released; (ii) the dates and times of Petitioners Victor Baez Vasquez, Elias Hernandez Dorantes, and Silverio Moreno Diaz's releases; (iii) compliance with this Court's directives concerning release on personal recognizance; and (iv) the return of each Petitioner's personal property.

///

///

///

///

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioners may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** August 24, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**